McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.  2:19-CR-178-WBS |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| JOSEVAN ARIAS | DATE: June 22, 2020 |
| Defendant. | TIME: 9:00 a.m. |
| | COURT: Hon. William B. Shubb |

By previous order, this matter was set for status on June 22, 2020.  By this stipulation and proposed order, the parties respectfully request that the Court continue the status conference until August 24, 2020 at 9:00 a.m..  To the extent it is needed, this stipulation supplements the basis for exclusion of time under General Order 617, and all prior General Orders addressing public health concerns, and requests that the Court also exclude time between June 22, 2020, and August 24, 2020 at 9:00 a.m., under Local Code T4, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

*Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    pretrial continuance must be "specifically limited in time").

2                                              **STIPULATION**

3           Plaintiff United States of America, by and through its counsel of record, and defendant, Josevan

4    Arias, by and through his counsel of record, David Garland, hereby stipulate as follows:

5           1.      By this stipulation, defendant now moves to continue the status conference to August 24,

6    2020 at 9:00 a.m., and exclude time between June 22, 2020, and August 24, 2020 at 9:00 a.m., under

7    Local Code T4.  Defendant Elmer Rodriguez-Colio has not yet appeared in this matter.

8           2.      The parties agree and stipulate, and request that the Court find the following:

9           a)      The government has represented that it has produced the discovery associated

10   with this case which includes FBI reports, photographs, surveillance footage, and laboratory

11   reports.  All of this discovery has either been produced directly to counsel or made available for

12   inspection and copying.

13          b)      Counsel for defendant will need time to review the evidence, discuss it with his

14   client, and pursue avenues of investigation, including potential resolution options.

15          c)      Counsel for defendant believes that failure to grant the above-requested

16   continuance would deny him/her the reasonable time necessary for effective preparation, taking

17   into account the exercise of due diligence.

18          d)      The government does not object to the continuance.

19          e)      Based on the above-stated findings, the ends of justice served by continuing the

20   case as requested outweigh the interest of the public and the defendant in a trial within the

21   original date prescribed by the Speedy Trial Act.

22          f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

23   et seq., within which trial must commence, the time period of June 22, 2020 to August 24, 2020

24   at 9:00 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local

25   Code T4] because it results from a continuance granted by the Court at defendant's request on

26   the basis of the Court's finding that the ends of justice served by taking such action outweigh the

27   best interest of the public and the defendant in a speedy trial.

28          3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

1   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

2   must commence.

3        IT IS SO STIPULATED.

4   Dated:  June 17, 2020                          McGREGOR W. SCOTT
                                                   United States Attorney
5
                                                   /s/ JAMES R. CONOLLY
6                                                  JAMES R. CONOLLY
                                                   Assistant United States Attorney
7
    Dated:  June 17, 2020                          /s/ DAVID GARLAND
8                                                  DAVID GARLAND
                                                   Counsel for Defendant
9                                                  JOSEVAN ARIAS

10                            **FINDINGS AND ORDER**

11        IT IS SO FOUND AND ORDERED.

12   Dated:  June 18, 2020

13                                                 WILLIAM B. SHUBB

14                                                 UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28