1  McGREGOR W. SCOTT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA,              | CASE NO.  2:19-CR-178-WBS
11 |                         Plaintiff,     | STIPULATION REGARDING EXCLUDABLE
   |                                        | TIME PERIODS UNDER SPEEDY TRIAL ACT;
12 |              v.                        | FINDINGS AND ORDER
13 | JOSEVAN ARIAS,                         | DATE: February 8, 2021
14 | ELMER RODRIGUEZ-COLIO                  | TIME: 9:00 a.m.
   |                                        | COURT: Hon. William B. Shubb
15 |                         Defendants.    |
16

17         By previous order, this matter was set for status on February 8, 2021.  By this stipulation and

18  proposed order, the parties respectfully request that the Court continue the status conference until March

19  22, 2021.  To the extent it is needed, this stipulation supplements the basis for exclusion of time under

20  General Order 617, and all prior General Orders addressing public health concerns, and requests that the

21  Court also exclude time between February 8, 2021, and March 22, 2021, under Local Code T4, for the

22  reasons set forth below.

23         On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

24  Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

25  continue all criminal matters to a date after June 1.  This and previous General Orders were entered to

26  address public health concerns related to COVID-19.

27         Although the General Orders address the district-wide health concern, the Supreme Court has

28  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

STIPULATION REGARDING EXCLUDABLE TIME              1
PERIODS UNDER SPEEDY TRIAL ACT

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2  pretrial continuance must be "specifically limited in time").

3                                      **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendant, Josevan

5  Arias, by and through his counsel of record, David Garland, hereby stipulate as follows:

6          1.      By this stipulation, defendant now moves to continue the status conference to March 22,

7  2021, and exclude time between February 8, 2021, and March 22, 2021, under Local Code T4 and the

8  Court's General Orders.  Defendant Elmer Rodriguez-Colio has not yet appeared in this matter.

9          2.      The parties agree and stipulate, and request that the Court find the following:

10                 a)      The government has represented that it has produced the discovery associated

11  with this case which includes FBI reports, photographs, surveillance footage, and laboratory

12  reports.  All of this discovery has either been produced directly to counsel or made available for

13  inspection and copying.

14                 b)      Counsel for defendant will need time to review the evidence, discuss it with his

15  client, and pursue avenues of investigation, including potential resolution options.

16                 c)      Counsel for defendant believes that failure to grant the above-requested

17  continuance would deny him/her the reasonable time necessary for effective preparation, taking

18  into account the exercise of due diligence.

19                 d)      The government does not object to the continuance.

20                 e)      Based on the above-stated findings, the ends of justice served by continuing the

21  case as requested outweigh the interest of the public and the defendant in a trial within the

22  original date prescribed by the Speedy Trial Act.

23                 f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

24  et seq., within which trial must commence, the time period of February 8, 2021 to March 22,

25  2021, inclusive, is deemed excludable pursuant to the Court's General Orders, and pursuant to 18

26  U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by

27  the Court at defendant's request on the basis of the Court's finding that the ends of justice served

28  by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 3, 2021                              McGREGOR W. SCOTT
                                                     United States Attorney

                                                     /s/ JAMES R. CONOLLY
                                                     JAMES R. CONOLLY
                                                     Assistant United States Attorney

Dated:  February 3, 2021                              /s/ DAVID GARLAND
                                                     DAVID GARLAND
                                                     Counsel for Defendant
                                                     JOSEVAN ARIAS

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  February 3, 2021

                                                     WILLIAM B. SHUBB
                                                     UNITED STATES DISTRICT JUDGE