PHILLIP A. TALBERT
Acting United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>JOSEVAN ARIAS,<br>ELMER RODRIGUEZ-COLIO,<br><br>       Defendants. | CASE NO.  2:19-CR-178-WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: March 22, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

By previous order, this matter was set for status on March 22, 2021. By this stipulation and proposed order, defendant Josevan Arias and the United States respectfully request that the Court continue the status conference until June 7, 2021 at 9:00 a.m. To the extent it is needed, this stipulation supplements the basis for exclusion of time under General Order 617, and all prior General Orders addressing public health concerns, and requests that the Court also exclude time between March 22, 2021, and June 7, 2021 at 9:00 a.m, under Local Code T4, for the reasons set forth below. Defendant Elmer Rodriguez-Colio has not yet appeared in this matter and therefore does not join in this request.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

1  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

2  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

3  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

4  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

5  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

6  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

7  or in writing").

8       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

10  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

11  the ends of justice served by taking such action outweigh the best interest of the public and the

12  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

13  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

14  ends of justice served by the granting of such continuance outweigh the best interests of the public and

15  the defendant in a speedy trial."  *Id.*

16       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

17  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

18  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

19  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

20  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

21  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

22  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

23  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

24  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

25       In light of the societal context created by the foregoing, this Court should consider the following

26  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

27  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

28

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.

2

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

pretrial continuance must be "specifically limited in time").

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, Josevan

Arias, by and through his counsel of record, David Garland, hereby stipulate as follows:

1.      By this stipulation, defendant now moves to continue the status conference to June 7,

2021 at 9:00 a.m, and exclude time between March 22, 2021, and June 7, 2021 at 9:00 a.m, under Local

Code T4 and the Court's General Orders.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that it has produced the discovery associated

with this case which includes FBI reports, photographs, surveillance footage, and laboratory

reports.  All of this discovery has either been produced directly to counsel or made available for

inspection and copying.

b)      Counsel for defendant will need time to review the evidence, discuss it with his

client, and pursue avenues of investigation, including potential resolution options.

c)      Counsel for defendant believes that failure to grant the above-requested

continuance would deny him/her the reasonable time necessary for effective preparation, taking

into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the

case as requested outweigh the interest of the public and the defendant in a trial within the

original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of March 22, 2021 to June 7, 2021 at

9:00 a.m, inclusive, is deemed excludable pursuant to the Court's General Orders, and pursuant

to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance

granted by the Court at defendant's request on the basis of the Court's finding that the ends of

Cal. March 18, 2020).

1  justice served by taking such action outweigh the best interest of the public and the defendant in

2  a speedy trial.

3          3.          Nothing in this stipulation and order shall preclude a finding that other provisions of the

4  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

5  must commence.

6          IT IS SO STIPULATED.

7  Dated:  March 17, 2021                          PHILLIP A. TALBERT
                                                   Acting United States Attorney

8                                                  /s/ JAMES R. CONOLLY

9                                                  JAMES R. CONOLLY
                                                   Assistant United States Attorney

10

11 Dated:  March 17, 2021                          /s/ DAVID GARLAND

12                                                 DAVID GARLAND
                                                   Counsel for Defendant

13                                                 JOSEVAN ARIAS

14

15                              **FINDINGS AND ORDER**

16         IT IS SO FOUND AND ORDERED.

17     Dated:  March 17, 2021

18                                                 WILLIAM B. SHUBB
                                                   UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28