PHILLIP A. TALBERT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-178-WBS |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| JOSEVAN ARIAS, ELMER RODRIGUEZ-COLIO, | DATE: February 7, 2022 TIME: 9:00 a.m. COURT: Hon. William B. Shubb |
| Defendants. | |

By previous order, this matter was set for status on February 7, 2022. By this stipulation and proposed order, defendant Josevan Arias and the United States respectfully request that the Court continue the status conference until March 21, 2022. To the extent it is needed, this stipulation supplements the basis for exclusion of time under the Court's General Orders addressing public health concerns, and requests that the Court also exclude time between February 7, 2022, and March 21, 2022, under Local Code T4, for the reasons set forth below.

Defendant Elmer Rodriguez-Colio has not yet appeared in this matter and therefore does not join in this request.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1   Although the General Orders address the district-wide health concern, the Supreme Court has
2   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
3   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
4   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
5   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at
6   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
7   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
8   or in writing").

9   Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
10  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice
11  continuances are excludable only if "the judge granted such continuance on the basis of his findings that
12  the ends of justice served by taking such action outweigh the best interest of the public and the
13  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless
14  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the
15  ends of justice served by the granting of such continuance outweigh the best interests of the public and
16  the defendant in a speedy trial."  *Id.*

17  The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
18  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
19  natural disasters, or other emergencies, this Court has discretion to order a continuance in such
20  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
21  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
22  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
23  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
24  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
25  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

26  In light of the societal context created by the foregoing, this Court should consider the following
27  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, Josevan Arias, by and through his counsel of record, David Garland, hereby stipulate as follows:

1. By this stipulation, defendant now moves to continue the status conference to March 21, 2022 at 9:00 a.m., and exclude time between February 7, 2022, and March 21, 2022, under Local Code T4 and the Court's General Orders.

2. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that it has produced the discovery associated with this case which includes FBI reports, photographs, surveillance footage, and laboratory reports.  All of this discovery has either been produced directly to counsel or made available for inspection and copying.

   b) Counsel for defendant will need time to review the evidence, discuss it with his client, and pursue avenues of investigation, including potential resolution options.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 7, 2022 to March 21, 2022, inclusive, is deemed excludable pursuant to the Court's General Orders, and pursuant to 18

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 2, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated:  February 2, 2022

/s/ DAVID GARLAND
DAVID GARLAND
Counsel for Defendant
JOSEVAN ARIAS

## ORDER

IT IS SO FOUND AND ORDERED

Dated:  February 3, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE